**FILED**

JAN 0 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAN YOCOM,

    Petitioner,

vs.

RANDY GROUNDS, Warden,

    Respondent.

No. C 10-03806 EJD (PR)

ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY

(Docket No. 35)

    Petitioner, a former state prisoner has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging prison disciplinary findings. Respondent has moved to dismiss the amended petition pursuant to Rule 4 of the Federal Rules of Habeas Corpus as it fails to state a claim for habeas relief, it is moot and federal habeas jurisdiction is lacking. (Docket No. 35.) Petitioner filed an opposition, and Respondent filed a reply. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

///
///
///
///

Order Granting Motion to Dismiss
Yocom03806_grant-mtd2.wpd

1

# BACKGROUND

Petitioner challenges two prison disciplinary findings that occurred in 2009. (Motion to Dismiss ("MTD") at 2.) Petitioner admits he is guilty of both charges, but alleges that prison officials violated his Due Process rights by denying him staff assistance, mental health assessments and supporting witnesses. (Amended Petition ("Am. Pet."), Docket No. 27 at 9.) Petitioner alleges that the disciplinary findings delayed his release by two months. (Id. at 8.) Petitioner was released from custody on June 21, 2012. (Opposition to MTD ("Opposition") at 4.) The two incidences are described below.

## A. Disciplinary hearings

### 1. Claim One

On June 30, 2009, Petitioner was issued a Rules Violation Report ("RVR") for "disrespect to staff." (Am. Pet. at 6.) Petitioner claims he was "totally out of character" when he called a prison official a "'fucking bitch,'" but contends that the official intentionally provoked him with "'staff misconduct.'" (Id.) Petitioner claims that he was denied staff assistance, a mental health assessment, and the right to call a supporting witness to testify. (Id. at 9.) Petitioner was found guilty, and punished with a credit forfeiture of 30 days. (Id. at 6.)

### 2. Claim Two

On August 18, 2009, Petitioner was issued an RVR for "'disobeying a direct order.'" (Id. at 9.) Petitioner again claims that he was "totally out of his character due to mental health dept. stripping the only known anti-psychotic, and due to reneg[] on stipulated agreements (with staff misconduct)." (Id. at 6.) Petitioner claims that during the disciplinary hearing, he was denied staff assistance, a mental health assessment, and the right to call witnesses. (Id. at 9.) Petitioner was found guilty, and punished with a credit forfeiture of 30 days. (Id. at 6.)

///

///

# DISCUSSION

## A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Motion to Dismiss

Respondent has moved to dismiss the petition as it fails to state a claim for habeas relief, it is moot and federal habeas jurisdiction is lacking. (MTD at 1.)

There are five procedural requirements of Due Process for prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, (1974). First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566; see also Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th Cir. 1982) (right to call witnesses is basic to fair hearing and decisions to preclude should be on case by case analysis of potential hazards of calling particular person). Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues

makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Wolff, 418 U.S. at 570.

In the amended petition, Petitioner generally states that he was denied Due Process due to lack of staff assistance, mental health assessments and witnesses. However, as identified by Respondent in the motion to dismiss, Petitioner never actually requested any of these during the hearings and he first raised this issue in an inmate appeal. Petitioner states in the amended petition, "[r]egardless, that all the exhibited disciplinary paperwork doesn't exhibit the petitioner requesting witnesses, mental health assessments or staff assistance in the disciplinary proceedings, the petitioner clearly does so in exhibits marked (B) which is the first appeal. . . ." Am. Pet. at 10. The paperwork from the discipline hearings themselves also indicates that Petitioner did not request witnesses. Am. Pet., Exh. B at 35 of 71; Exh. C at 50 of 71.

In his inmate appeals, Petitioner concedes that he did not request staff assistance, mental health assessments or witnesses. Am. Pet., Exh. B at 23 of 71. Petitioner states he did not understand that he could request such things. Id. It is difficult to believe Petitioner's lack of awareness argument, especially as Petitioner says he has been in custody for fifteen years. Opposition at 4. In Albino v. Baca, 697 F.3d 1023, 1035-37 (9th Cir. 2012), the Ninth Circuit recently held that lack of awareness does not make an administrative remedy unavailable when the remedy is knowable. While Albino dealt with a prisoner who was not aware that there was a grievance procedure, the Ninth Circuit held that the prisoner must demonstrate a good-faith effort in attempting to discover the existence of the appropriate grievance procedure. Id. The Ninth Circuit held that the prisoner had failed to meet his burden. Id. While Albino is not exactly on point with the facts of the instant case, the prisoner in Albino at least attempted to explain how he was unaware of the grievance procedure. In this case, Petitioner states he was unaware he could request witnesses, therefore his Due Process rights were violated but he never

Order Granting Motion to Dismiss
Yocom03806_grant-mtd2.wpd

4

provides any support for this allegation. While Petitioner provides a brief reference to this issue in the amended petition, he does not address the issue in his opposition, even after Respondent specifically raised the issue in the motion to dismiss.

Most importantly, Petitioner fails to identify the witnesses he would have called at these hearings and the subject of their testimony. Simply saying he would have called a witness without providing any information about the witness or testimony is insufficient. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").[1]

Moreover, staff assistance is only provided in certain situations, and Petitioner does not provide any arguments why it would be required in these hearings that were rather straightforward and what assistance he required. Nor is it exactly clear what Petitioner means by mental health assessments. While Petitioner must of course be competent, there is no specific Federal or Constitutional requirement of a mental health assessment at a disciplinary hearing. Instead, Petitioner argues that California Regulations were violated, but this fails to state a claim for Federal habeas relief. Of course, Petitioner never requested a mental health assessment or indicated the hearing was complicated and he needed staff assistance. Nor has Petitioner responded to these arguments in his opposition after they were specifically raised in Respondent's motion to dismiss. For all these reasons, Petitioner's claims fail to state a claim for Federal habeas relief.

///
///

---

[1] Even in the Court were to look to the merits of Petitioner's claims, it is clear from Petitioner's own admissions in the petition that there was some evidence to support the disciplinary finding. Petitioner admits to the conduct underlying the charges in this petition and appears to argue that his behavior was so inappropriate there must have been a medical reason for his rudeness.

Order Granting Motion to Dismiss
Yocom03806_grant-mtd2.wpd

5

## CONCLUSION[2]

For the foregoing reasons, the Court orders as follows:

Respondent's motion to dismiss the petition (Docket No. 35), is GRANTED in that the petition fails to state a claim for Federal habeas relief. The instant petition for a writ of habeas corpus is DISMISSED.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 35.

DATED: 1/7/13

EDWARD J. DAVILA
United States District Judge

---

[2] As the Court has found that the petition must be dismissed for failure to state a Federal habeas claim, Respondent's other arguments will not be addressed.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAN YOCOM,

    Petitioner,

v.

RANDY GROUNDS, Warden,

    Respondent.

Case Number CV 10-03806 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ___1/08/13___, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Michael Alan Yocom**
20731 Rd. 254
P.O. Box 690
Strathmore, CA 93267

DATED: ___1/08/13___

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk